UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Erin Gibson, Heather Grabow, & Ashley Granger, individually and on behalf of those similarly situated, | |
| *Plaintiffs,* | No. 25-cv-348 |
| v. | Judge Lindsay C. Jenkins |
| Perrigo Company, *et al.*, | |
| *Defendants.* | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Erin Gibson and Sherry Hodge filed this putative class action against Defendants Perrigo Company and Ranir, LLC, alleging that Defendants engaged in deceptive business practices when marketing a children's mouthwash product. Before the court is Defendants' motion to dismiss the Third Amended Complaint. [Dkt. 26.][1] The motion is denied.

**I.   Background**[2]

Defendants manufacture, sell, and distribute a children's mouthwash product called Firefly Anticavity Fluoride Rinse. [Dkt. 22, ¶ 1.] Firefly's container is shaped like a toy and decorated with cartoon characters popular among preschool-aged children such as Paw Patrol and Buzz Lightyear. [*Id.*, ¶ 2.] And the rinse comes in different colors and flavors, including Bubble Berry, Wild Melon, Bubble Gum, and Ocean Melon. [*Id.*, ¶¶ 3, 121.][3]

---

[1]   Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

[2]   The following factual allegations are taken from Plaintiffs' Third Amended Complaint [dkt. 22] and are accepted as true for the purposes of the motion. *Smith v. First Hosp. Lab'ys, Inc.*, 77 F.4th 603, 607 (7th Cir. 2023). In setting forth the facts at the pleading stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

[3]   The images were taken from Defendants' Request for Judicial Notice [Dkt. 27.] Because the product labels are central to Plaintiffs' claim and Plaintiffs did not object to Defendants' Request for Judicial Notice, the court takes judicial notice of Firefly's labels. See *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).



Despite these kid-friendly attributes, Firefly is not safe for very young children. [*Id.*, ¶ 4.] Almost all health authorities agree that children under the age of six should not use fluoride rinses on an over-the-counter basis. [*Id.*, ¶¶ 4–10.] Use by children that age can cause tooth decay, vomiting, and intoxication, among other serious side effects. [See, *e.g., id.*, ¶¶ 9, 11.] Defendants, as manufacturers of fluoridated dental products, are aware of these dangers. [*Id.*, ¶¶ 11–13.] Most parents, on the other hand, are not. [*Id.*, ¶ 128.]

Because of these safety concerns, the FDA requires fluoride mouthrinse to "prominently display" on the "principal display panel: 'IMPORTANT: Read directions for proper use." [*Id.*, ¶ 26 (citing 21 C.F.R. § 355.55).] Despite that requirement, Defendants use a small font size for the instruction that is not noticeable by consumers. [*Id.*, ¶ 29.] They also place required FDA warnings, such as children under the age of six should not use the product without consulting a dentist or doctor, on the back of the container, also in a small, hard-to-read font [*Id.*, ¶¶ 115, 130.]




BACK LABEL             FRONT LABEL

Plaintiff Erin Gibson began purchasing the Buzz Lightyear and Paw Patrol Firefly Rinses when her son was four years old and continued to do so for three years. [*Id.*, ¶¶ 43–44.] The kid-friendly packaging drew her in and led her to believe the rinse was safe for young children. [*Id.*, ¶ 46.] Had she known that fluoride mouthwash is contraindicated for children under six years old, she would not have purchased it. [*Id.*, ¶ 48.]

Plaintiff Sherry Hodge had a similar experience with Firefly. During the summer months and most weekends, Hodge's granddaughter lives with her. [*Id.*, ¶ 51.] Beginning when her granddaughter was about two years old, Hodge purchased the pink-colored Firefly Rinse with the cartoon image of a young girl. [*Id.*, ¶¶ 52–53.] Much like Gibson, the Firefly packaging and flavor, which her granddaughter enjoyed, led her to believe the rinse was safe for young children, and had she known of the dangers it posed she never would have purchased the product. [*Id.*, ¶¶ 55–57.]

Plaintiffs are not alone. Most parents are unaware of recommendations regarding fluoride products and young children. [*Id.*, ¶ 128.] Numerous studies have shown that "presenting drugs as 'candy-like' products increases the risk of overdose, particularly for young children." [*Id.*, ¶¶ 104–109.] And, as it turns out, other parents have purchased Firefly for their children as young as one year old. [*Id.*, ¶ 33.]

3

Plaintiffs filed suit against Defendants alleging that Firefly's labeling and packaging misled them into believing the product was safe for children under six years old in violation of various state statutes prohibiting deceptive business practices. They assert that Defendants have been unjustly enriched and seek to recover economic damages.

## II. Legal Standard

Defendant moves to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must allege facts which, when taken as true, 'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.'" *Cochran v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). The court "accept[s] all well-pleaded facts as true and draw[s] all reasonable inferences in plaintiff's favor." *Id.* at 600 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). The court assesses the complaint's plausibility as a whole. See *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

## III. Analysis

Defendants seek dismissal on two grounds. First, they contend that Plaintiffs failed to allege facts supporting an inference that reasonable consumers would be misled by Firefly's packaging. Second, they assert that federal law preempts Plaintiffs' deceptive practices claims.

### A. Deceptive Business Practices

Plaintiffs bring claims for deceptive and misleading business practices under the Illinois Consumer Fraud Act (ICFA) and similar consumer protection statutes in other states.[4] Because these claims concern fraud, the court evaluates them under the heightened pleading standard of Rule 9(b). See *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); see also *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 2010 WL 624709, at *6 (N.D. Ill. Feb. 18, 2010) ("ICFA claims sounding fraud or deception are still required to meet the heightened pleading standard of Rule 9(b)."). Rule 9(b) requires a plaintiff to "state with

---

[4] Both parties generally refer to the deceptive practice business claims as a claim under the ICFA, ignoring other consumer protection statutes. And neither party asserts that the ICFA differs from the other consumer protection statutes in any material way. The Seventh Circuit, moreover, has referred to these statutes collectively as "Little-FTC Acts" and explained that the "core prohibitions of these laws are interpreted for the most part interchangeably." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 475 (7th Cir. 2020). The court will follow the parties' lead and analyze the consumer protection claims under the same legal framework. In other words, if Plaintiffs have stated a claim under the ICFA, their claims under other state consumer protection statutes also survive Defendants' 12(b)(6) motion.

particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Particularity means the "'who, what, when, where, and how' of the fraud—'the first paragraph of any newspaper story.'" *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011) (quoting *United States ex rel. Lusby v. Rolls–Royce Corp.*, 570 F.3d 849, 854 (7th Cir. 2009)). A defendant's "intent, knowledge, and other conditions of a person's mind," however, "may be alleged generally." Fed. R. Civ. P. 9(b); see also *Armstrong v. Daily*, 786 F.3d 529, 547 (7th Cir. 2015).

To state a claim for deceptive business practices under the ICFA, a plaintiff must show "(1) a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) that the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012) (citations omitted). A private party (as opposed to a regulatory agency) must also demonstrate "actual pecuniary loss" caused by the defendant's violation of the Act. See *Camasta*, 761 F.3d at 739 (citation omitted).

In sum, Plaintiffs must show that (1) Firefly's packaging constituted a deceptive promise by the defendant; (2) Defendants intended that Plaintiffs rely on the packaging; (3) Defendants' use of packaging occurred during a course of conduct involving trade or commerce; and (4) Plaintiffs suffered actual pecuniary loss as a result of Firefly's packaging. Plaintiffs have met this threshold.

*First*, Plaintiffs adequately plead that a reasonable consumer is likely to be misled by Firefly's kid-friendly packaging. A product's label, packaging, or design is "deceptive if it is likely to mislead a reasonable consumer in a material respect, even if it is not literally false." See *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020). "[T]he reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* at 973 (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)).

The focus of this inquiry, the Seventh Circuit has explained, is "how consumers actually behave—how they perceive advertising and how they make decisions." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 481 (7th Cir. 2020). And although "judges [] might be tempted to debate and speculate" on the actions and beliefs of a reasonable consumer, *id.* at 481, the "determination of the likelihood of deception is an impressionistic one more closely akin to a finding of fact than a conclusion of law," *Beardsall*, 953 F.3d at 973 (citation omitted).

Plaintiffs assert that Firefly's packaging, including its use of cartoon characters popular among preschool children, misled them into believing the product was safe for children under the age of six—a representation that the parties seem to agree would be false. [Dkt. 22, ¶¶ 46, 55.] They also assert that reasonable consumers

5

would find the packaging misleading and reference reviews from other parents who purchased Firefly for their children under the age of six.[5] [*Id.*, ¶¶ 33–34.] While the reviews do not specify whether or why those parents believed Firefly to be safe for their children, it is a reasonable inference that a parent would not buy or allow their child to use a harmful product and an equally reasonable inference that the child friendly packaging played a role in their purchasing decisions. That is enough to show, at the motion to dismiss stage, that Firefly's packaging is likely to deceive a reasonable consumer. Cf *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 647 (7th Cir. 2019) ("Benson's assertion that she and others attach importance to the size of a package is enough for now to indicate that a 'reasonable consumer' does so too. She therefore did enough to plead a deceptive act.")

Defendants' contentions otherwise are not convincing. While courts have granted motions to dismiss deceptive business practice claims based on "unreasonable or fanciful interpretations of labels or other advertising," *Bell*, 982 F.3d at 477, the allegations here stand in contrast. Indeed, the FDA itself has indicated that the use of imagery that appeals to children, such as cartoons, on a product that cannot be used by children is misleading.[6]

The warning label on the back of the Firefly Rinses, moreover, does not as a matter of law cure the misleading elements of the packaging. The Seventh Circuit rejected a similar argument in *Bell*. See *id.* at 476. In that case, the defendants marketed their products on the front label as "100% Grated Parmesan Cheese." *Id.* at 474. The plaintiffs asserted that the labeling was misleading because the product contained preservatives and was thus not 100% parmesan cheese. *Id.* And there, as here, the defendants sought to discredit the plaintiffs' claims of deception by pointing to the back label of their product, which contained a list of ingredients identifying the preservatives. *Id.* at 475. The court sided with the plaintiffs, reasoning that "[m]any reasonable consumers do not instinctively parse every front label or read every back label before placing groceries in their carts." *Id.* at 476; see also *id.* ("Consumer-protection laws do not impose on average consumers an obligation to question the

---

[5] Contrary to Defendants' contention otherwise, Plaintiffs do not argue that they relied on these reviews when making their purchasing decisions. Rather, Plaintiffs reference to these reviews, much like a consumer survey, indicate that parents of other young children (i.e., reasonable consumers) may have also believed Firefly to be safe for children under six. See *Bell*, 982 F.3d at 480 (relying on consumer surveys when determining what a reasonable consumer would believe).

[6] FDA Warning Letter to Electric Lotus, LLC, Nov. 29, 2018, available at: https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/electric-lotus-llc-568710-11292018 (informing manufacturer of tobacco products that its advertising and labeling was misleading because the product's packaging contained cartoon pictures and imitated packaging for a cereal (Cinamon Toast Crunch) that appealed to children).

labels they see and to parse them as lawyers might for ambiguities, especially in the seconds usually spent picking a low-cost product.").

Defendants insist that *Bell*'s reasoning is limited to low-cost groceries and does not apply to over-the-counter drug products like mouthwash. Not so. *Bell* focused on the actions of a reasonable consumer. *Id.* at 480–81 ("Plaintiffs are entitled to present evidence on how consumers actually understand these labels."); see also *Kahn v. Walmart Inc.*, 107 F.4th 585, 595 (7th Cir. 2024) ("In applying consumer protection laws, we do not typically hold consumers to the standard of Adam Smith's *homo economicus*, a perfectly rational being who gathers and evaluates the optimal amount of information about options in the marketplace to maximize utility preferences.") A reasonable consumer purchasing the "low-priced, everyday item" of mouthwash, see *Bell*, 982 F.3d at 479—particularly mouthwash presented as a toy (and not as a serious drug)—is not likely to examine the back label to ensure that the toy-shaped, candy-flavored mouthwash depicting cartoon characters from shows popular for preschool children is indeed safe for preschool children.[7]

*Second*, Plaintiffs adequately plead that Defendants intended for consumers to rely on the packaging. Consumer protection laws do not require a plaintiff to show that the defendant intended to deceive consumers; the defendant must only have intended that consumers rely on the aspects of the product alleged to be deceiving. See *Kahn*, 107 F.4th at 604. Plaintiffs allege that Defendants, knowing that the

---

[7] Plaintiffs' complaint and brief seem to be broken into two separate "claims" under the ICFA, one for concealment and one for deception. See, *e.g.*, [Dkt. 22 at 34, 36; Dkt. 30 at 10, 14.] But the court views Plaintiffs' ICFA as one—requiring, among other things, that Plaintiffs show "a deceptive or unfair act or promise by the defendant." *Wigod*, 673 F.3d at 574; see also *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 739 (7th Cir. 2019) (declining to reach question of whether complaint pleaded unfair conduct under the ICFA because it was enough that the complaint pleaded deceptive conduct under the ICFA). So long as Plaintiffs satisfy that showing, it does not matter whether they do so by demonstrating a misrepresentation or concealment of material fact or some combination of the two. The court is not in the business of dismissing legal theories, each independently sufficient to satisfy an element of a claim. See *ACF 2006 Corp. v. Mark C. Ladendorf, Att'y at L., P.C.*, 826 F.3d 976, 981 (7th Cir. 2016) ("Making legal arguments in support of one's claim comes after the pleadings."); *Churchwick Partners, LLC v. Seal Keystone, LLC*, 2023 WL 2973801, at *2 (S.D. Ind. Apr. 17, 2023) ("A Rule 12(b)(6) motion cannot be used to dismiss individual legal theories advanced in support of a claim, so long as at least one theory, implicit or explicit, remains[.]").

The focus for the deceptive element in an ICFA claim is whether the advertising or label "creates a likelihood of deception or has the capacity to deceive." *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001). The court has found that Firefly's label, for purposes of the 12(b)(6) motion, meets that definition. How exactly Plaintiffs' allegations concerning Defendants' use of a small, hard to read font for a required FDA-warning—an action Plaintiffs describe as "concealment of a material fact"—plays into that analysis can be fleshed out through discovery.

7

cartoon characters from shows like Paw Patrol are popular among preschool children, "design the labeling and packaging of their Firefly Rinse products with attributes that will entice the target audience (*i.e.*, caregivers of young children) to purchase them." [Dkt. 22, ¶ 157–58.] These allegations are sufficient to satisfy the intent element. Defendants cannot seriously contend that the elaborate design and tasty flavors of Firefly Rinse are intended for anything but enticing consumers to buy the product.

*Third,* Plaintiffs adequately plead that Defendants' alleged deception occurred during a course of conduct involving trade or commerce by asserting that they purchased Firefly Rinses from Walmart.

*Fourth,* Plaintiffs adequately plead actual damages. Plaintiffs contend that they would not have purchased Firefly had they known the product was not safe for their children. [Dkt. 22, ¶¶ 48, 57.] They also assert that Firefly has no value for children under six and, to the extent that it does have value, the "value is significantly less than what Plaintiffs and putative class members paid for it." [*Id.*, ¶ 138.] In other words, Plaintiffs allege that Defendants' deception deprived them of "'the benefit of [the] bargain' by causing [them] to pay 'more than the actual value'" of Firefly—an allegation sufficient to satisfy the actual loss element. *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010) (quoting *Mulligan v. QVC, Inc.*, 888 N.E.2d 1190, 1197 (Ill. App. Ct. 2008)).

### B. Preemption

The court next considers Defendants' preemption argument. Preemption is an affirmative defense, which plaintiffs need not anticipate or circumvent in their pleadings. See *Bausch v. Stryker Corp.*, 630 F.3d 546, 561 (7th Cir. 2010); see also *Benson*, 944 F.3d at 647 (explaining that many of defendant's arguments for FDCA preemption were better suited for a Rule 12(c) motion than a Rule 12(b)(6) motion). Still, if "the allegations of the complaint itself set forth everything necessary to satisfy" preemption, then dismissal at the pleading stage is appropriate. *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015).

The Food, Drug, and Cosmetic Act strictly limits an individual's right to seek relief pursuant to state consumer protection laws. See *Benson*, 944 F.3d at 645. The FDCA provides that no state "may establish or continue in effect any requirement…that is different from or in addition to, or that is otherwise not identical with, a requirement" under the Act. 21 U.S.C. § 379r(a)(2). And individual litigants cannot circumscribe this prohibition by pursuing state-law theories that would impose requirements not identical to those in the Act. See *Benson*, 944 F.3d at 645.

The Seventh Circuit has elaborated on the exact parameters of the FDCA preemption statute. See, *e.g.*, *Bell*, 982 F.3d at 484; *Turek v. Gen. Mills, Inc.*, 662 F.3d

8

423, 426–27 (7th Cir. 2011). In a nutshell, a plaintiff's claim is preempted if a judgment ruling in favor of the plaintiff would compel the defendant to add labeling to its product that the FDCA does not require. See *Bell*, 982 F.3d at 484.

But when a plaintiff's complaint concerns a requirement already imposed by the FDCA or an aspect of a defendant's labeling that the FDCA does not speak to, preemption does not apply. *Bell*, 982 F.3d at 484. Referring back to *Bell*, for example, the Seventh Circuit held that the FDCA did not preempt a state consumer fraud claim against a cheese manufacturer when the plaintiff, rather than seeking to *add* a disclaimer that the FDCA did not require, sought to "stop defendants from voluntarily adding deceptive language to the federally permitted labels." *Id*. at 485 ("The FDCA's preemption provision means that, while states may not require sellers to add further labeling that is not required by federal law, they may prevent sellers from voluntarily adding deceptive content that is not required by federal law.")

Plaintiffs' claims are once again akin to *Bell*. There, as here, the FDCA set out specific labeling requirements for the product at issue. There, as here, the defendants abided by many FDCA requirements. And there, as here, the plaintiffs complained about aspects of the product's label that the defendants voluntarily added (in other words, aspects that the FDCA did not require) and which rendered the label and packaging misleading as a whole.

Plaintiffs are not seeking a ruling that would require Defendants to add a disclaimer or particular label to their packaging. Rather, they are seeking a ruling that Defendants alter their packaging so that it abides by the FDCA, which prohibits labeling that is "misleading in any particular," see 21 U.S.C. § 352, and requires that the "advertising for [Firefly Rinse] prescribes, recommends, or suggests its use only under the conditions stated in the labeling," one condition being that it should only be used by children six and up, 21 C.F.R. § 330.1. So Plaintiffs' claims are not preempted by the FDCA.[8]

### IV. Conclusion

Defendants Rule 12(b)(6) motion to dismiss is denied.

Enter: 25-cv-348
Date: October 2, 2025

_____
Lindsay C. Jenkins

---

[8] Defendants' implied preemption argument also fails. As discussed in the merits section, Plaintiffs bring claims for violations of state consumer protection laws alleging that Defendants engaged in deceptive business practices. They are not seeking to enforce the FDCA itself.

9